**IN THE COURT OF APPEALS OF IOWA**

No. 22-1249
Filed January 25, 2023

**IN THE INTEREST OF A.S.,**
**Minor Child,**

**B.C., Father,**
    Appellant,

**E.S., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Scott D. Strait, District Associate Judge.

A mother and father separately appeal the termination of their parental rights to a child born in 2021. **AFFIRMED ON BOTH APPEALS.**

Roberta J. Megel of the State Public Defender Office, Council Bluffs, for appellant father.

J. Joseph Narmi, Council Bluffs, for appellant mother.

Brenna Bird, Attorney General, and Ellen Ramsey-Kacena (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

Eric A. Checketts, Glenwood, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother and father separately appeal the termination of their parental rights to a child born in 2021. The mother and father (I) challenge the evidence supporting the grounds for termination cited by the district court; (II) contend the Iowa Department of Health and Human Services did not engage in reasonable efforts to facilitate reunification; and (III) argue the district court should not have terminated their parental rights based on the parent-child bond. The mother also contends (IV) termination is not in the child's best interests, (V) she should have been afforded additional time to work toward reunification, and (VI) the district court should not have terminated her parental rights because the child was placed with a relative.

## I. Grounds for Termination

The district court terminated the mother's parental rights pursuant to several statutory provisions. We may affirm if we find clear and convincing evidence to support any of the grounds. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). We elect to focus on Iowa Code section 232.116(1)(h) (2022), which requires proof of several elements, including proof the child cannot be returned to parental custody.

The facts triggering department involvement are essentially undisputed. At the time of the child's birth, the mother tested positive for methamphetamine and the active ingredient in marijuana. The child also tested positive. The child was discharged to the care of a relative, where she remained throughout the proceedings.

The State filed a child-in-need-of-assistance petition naming the mother's husband and another man as possible fathers. The husband eventually divorced the mother, and his paternity was disestablished. The other man was served by publication, and he appeared through counsel at the adjudicatory hearing and personally and with counsel at the remaining hearings.

The mother admitted to ongoing drug use. She refused to submit to drug testing and spent a single day in a residential drug treatment program before leaving against the advice of staff. Although the department allowed her to exercise daily visits with the child under her relative's supervision, the case manager testified the mother would go "several days to around two weeks without contacting" the relative or visiting the child. At the time of the termination hearing, the mother was staying with her mother, who also used methamphetamine and whose house had just been sold, requiring them to move. The case manager who oversaw the case from the time of the child's birth through termination testified the child could not be returned to the mother's custody.

As for the biological father whose paternity was ultimately established, he spent several months in jail. On his release, he commendably made efforts to have supervised visits with the child, and those visits went well. But he conceded he needed a few more months to be in a position to have the child returned to his custody. That concession foreclosed reunification. *See W.M.*, 957 N.W.2d at 313 (focusing on return "at the time of the termination hearing").

On our de novo review, we agree with the district court that the parents were not in a position to have the child returned to their custody.

## II.    *Reasonable Efforts*

The department has an obligation to make reasonable efforts to facilitate reunification.  *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000).  The parents generally assert the department failed to fulfill that obligation.  On our de novo review, we disagree.  The department afforded the mother residential drug treatment, drug testing, and daily supervised visits with the child.  The mother minimally availed herself of these services.  The department also afforded the father the same services, except while he was incarcerated.  While the father took advantage of these services—placing himself on a wait list for residential treatment, testing negative for drugs, and participating in supervised visits—his participation came too late.  *Id.* at 495.  By his own admission, he used drugs three months before the termination hearing and was arrested for a no-contact violation around that time.  He was only released from jail two months before the termination hearing.  These circumstances were of his own making.

We conclude the department satisfied its reasonable-efforts obligation.

## III.    *Parent-Child Bond*

The court may grant an exception to termination based on the parent-child bond.  *See* Iowa Code § 232.116(3)(c).  The mother testified to a strong bond with the child.  The father also testified to a bond but acknowledged he only had three months to develop a relationship with his daughter.  Given the parents' insufficient progress toward safe, independent parenting, we conclude the district court appropriately denied this exception to termination.

## IV.    *Best Interests*

The mother argues termination was not in the child's best interests.  *See id.* § 232.116(2).  We disagree.  The mother could not safely parent the child.  As the department reported, "[she] has minimally participated in services but has not been able to meet any of the goals set for her."  We agree with the district court that termination of the mother's parental rights was in the child's best interests.

## V.    *Additional Time*

The mother contends she should have been afforded additional time to reunify.  *See In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021) ("[T]he juvenile court may deny termination and give the parent an additional six months for reunification only if the need for removal 'will no longer exist at the end of the additional six-month period.'" (quoting Iowa Code § 232.104(2)(b))).  The case manager recommended against additional time, testifying it was "not really fair" to the child that the mother was "unable to address" her "addiction and other behaviors in" the "11 months" of the child's life.  We agree.

## VI.    *Placement with Relative*

The mother argues the district court should not have terminated her parental rights because the child was placed with a relative.  *See* Iowa Code § 232.116(3)(a).  The relative did not have legal custody of the child.  Accordingly, the exception was not applicable.  *See In re A.B.*, 956 N.W.2d 162, 170 (Iowa 2021) ("[T]his exception can come into play only when a relative has 'legal custody.'" (citing Iowa Code § 232.116(3)(a))).

We affirm termination of the parents' rights to the child.

**AFFIRMED ON BOTH APPEALS.**